# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**NESTOR LEON,**

    **Petitioner,**

    **v.**                                **CASE NO. 19-3182-JWL**

**(FNU) HUDSON,**

    **Respondent.**

## MEMORANDUM AND ORDER

Petitioner filed this matter as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth in Leavenworth, Kansas ("USPL"), proceeds *pro se* and has filed a motion for leave to proceed *in forma pauperis*. On September 23, 2019, the Court entered an Order to Show Cause (Doc. 3) ("OSC"), directing Petitioner to show good cause why this action should not be dismissed without prejudice as not properly brought in a § 2241 habeas proceeding. This matter is before the Court on Petitioner's Response (Doc. 4).

Petitioner alleges that prison officials at USPL are denying him access to the courts. Petitioner suggests that he initiated the administrative grievance process, but did not pursue it further after he was approved for law library access on September 10, 2019. Petitioner alleges that although the Warden and Unit Manager approved him for access to the law library two days per week, administration staff are refusing him access to the law library. Petitioner states that he has voiced his concerns to his Unit Manager, C. Masters, but she is being told that Petitioner is refusing the law library.

Petitioner was sentenced in the United States District Court for the Middle District of Florida. (Doc. 1, at 1.) Petitioner states that his § 2255 motion is due on October 1, 2019, and

he is unable to meet the deadline due to the denial of access to the law library and the denial of legal materials such as paper to "brief out his grounds." Petitioner also alleges that the law library printer has been disabled, preventing inmates from printing legal materials so that they can take them to their cells for further study.

Petitioner's request for relief asks the Court to order the officials at USPL to grant Petitioner access to the courts, including access to the law library and legal materials, or to "stay the Petitioner's October 1, 2019, due date for his § 2255 under equitable tolling of the limitations period." (Doc. 1, at 9.)

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3). A petition under 28 U.S.C. § 2241 provides the remedy to challenge the execution of a sentence. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Thus, a petitioner may challenge the fact or duration of his confinement and may seek release or a shorter period of confinement. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012). However, claims challenging a prisoner's conditions of confinement do not arise under Section 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under Section 2241 and conditions of confinement claims).

In the Court's OSC, the Court found that Petitioner does not complain of the loss of good conduct time or of any negative impact on the duration of his sentence. Rather, he claims a denial of access to the courts. Petitioner has failed to allege a valid factual basis for a § 2241 petition because he complains about prison conditions.

In his Response, Petitioner argues that prison officials at USPL are denying him access to the courts in violation of the First Amendment. Petitioner argues that this provides a factual

basis to bring a petition under § 2241. Petitioner also argues that he has exhausted his administrative remedies even though he acknowledged that he ceased the process because he was granted relief. Lastly, Petitioner "requests that the extent of his relief regarding his § 2255 motion be transferred to Petitioner's sentencing court in accordance with Section 2241(d) and this Court's discretion." (Doc. 4, at 2.)

The Court declines to transfer this matter to Petitioner's sentencing court. Petitioner cites § 2241(d), which provides that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). This subsection applies to a person serving a state sentence. Petitioner was sentenced in the United States District Court for the Middle District of Florida and is serving a federal sentence. Furthermore, transfer is unnecessary because it appears that Petitioner was successful in filing his § 2255 motion by his October 1, 2019 deadline. *See Leon v. United States*, Case No. 6:19-cv-01882-JA-DCI (M.D. Fla.). The 54-page § 2255 motion was signed by Petitioner on September 24, 2019, and filed on October 1, 2019.

The Court finds that Petitioner has failed to show good cause why his petition under § 2241 should not be dismissed. Petitioner was successful in filing his § 2255 motion and can seek any further relief in that action. Furthermore, even if Petitioner could show that he exhausted his administrative remedies, he has failed to allege a valid claim for the denial of court

3

access under the First Amendment. Any claim Petitioner may have regarding access to the courts fails to allege an injury. *See Proch v. Baker*, Case No. 14-3021-CM, 2017 WL 2793922, at *7 (D. Kan. June 28, 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (violations of the constitutional right of access to the courts require a showing of injury due to the deprivation); *Sterling v. Edwards*, 881 F. Supp. 488, 490 (D. Kan. 1995) (there must be prejudice)). Petitioner has failed to allege an injury. Petitioner's motion for leave to proceed in forma pauperis is moot and therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated October 15, 2019, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**U. S. DISTRICT JUDGE**